# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID D. HAMPTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-10-362-R |
| | ) |
| JUSTIN JONES, | ) |
| Respondent. | ) |

## **ORDER**

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie K. Couch, recommending that grounds one, two, three, four, five (in part) and six, of David Hampton's petition for habeas corpus pursuant to 28 U.S.C. § 2254 be denied.[1] The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, giving rise to the Court's obligation to conduct a *de novo* review of any portion of the Report and Recommendation to which Petitioner makes specific objection. Respondent did not object to the Report and Recommendation.

Petitioner was convicted by jury in the District Court of Oklahoma County of six offenses, trafficking in illegal drugs, trafficking in illegal drugs with intent to manufacture, possession of proceeds derived from a violation of the Uniform Controlled and Dangerous Substance Act, possession of a controlled and dangerous substance in the presence of a child under twelve years of age; possession of a firearm while committing a felony, and maintaining a dwelling house where a controlled and dangerous substance is kept. The

---

[1] Judge Couch recommended that consideration of Grounds five (in part), seven and eight be deferred pending supplementation of the record and additional briefing.

prosecution sought to enhance Defendant's sentence based on a prior felony conviction. Petitioner appealed his conviction and sentence and unsuccessfully pursued post-conviction relief from both the District Court and the Oklahoma Court of Criminal Appeals. As a result, Petitioner filed the instant action raising eight grounds for relief. As noted, Judge Couch recommends that Grounds One, Two, Three, Four, Five (in part), and Six be denied at this time.

In Ground One, Petitioner contends that his simultaneous conviction for trafficking in illegal drugs (cocaine base) (Count I) and trafficking in illegal drugs by possession with intent to manufacture (cocaine salt) (Count II), violated the prohibition against Double Jeopardy. Petitioner raised this issue on direct appeal, and is entitled to relief only if the decision of the Oklahoma Court of Criminal Appeals was contrary to or an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1).

"The double jeopardy clause prohibits both successive prosecutions for the same offense and multiple punishments for a single offense." *Thomas v. Kerby*, 44 F.3d 884, 887 (10th Cir. 1995). Judge Couch recommended the habeas petition be denied with regard to Petitioner's double jeopardy claim because the two crimes, although similar, contain different elements, as recognized by the Oklahoma Court of Criminal Appeals. Because state law treated the incident as involving two separate offenses, the Double Jeopardy Clause does not prohibit the state's punishment of Petitioner for both. *See id.*

2

To the extent Petitioner is complaining that his convictions in Count I and II violated Oklahoma statute, specifically Okla. Stat. tit. 21 § 11, issues of state law are not cognizable on habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

In Ground Two of the petition, Petitioner contends the trial court erred in failing to give his requested jury instruction on character witnesses, and by admonishing the jury to disregard testimony concerning his character for truthfulness. Roslyn Armstrong was the sole witness for the defense, and she testified she had known Petitioner his entire life, that she attended church with him, and that Petitioner helped supervise a youth group at church. She also testified that he has a reputation for honesty and was known as a person who "tells the truth." Tr. Vol. II at 111. Upon objection from the prosecution the court admonished the jury that it was inappropriate for the defense counsel to question the witness regarding defendant's reputation for truthfulness. Tr. Vol. II at 114. On direct appeal the Oklahoma Court of Criminal Appeals concluded that the trial court had erred in excluding the testimony, but concluded the error was harmless.

Petitioner is entitled to relief on this claim only if he can establish that the error surrounding the striking of this testimony had a substantial and injurious effect or influence in determining the jury's verdict. *Fry v. Pliler*, 551 U.S. 112, 116-20 (2007). As noted by Judge Couch, in light of the substantial testimony regarding Petitioner's guilt, and because Ms. Armstrong's testimony about Petitioner's church attendance and his work with the youth was permitted to stand, Petitioner has failed to establish that the trial court's decision to strike

the above-noted testimony had a substantial and injurious effect on his trial. Accordingly, Petitioner is not entitled to habeas corpus relief on this basis.

In Ground Three, Petitioner contends the trial court erred in its instructions, thereby violating his due process rights. Petitioner's challenge to the jury instruction is premised on the fact that the instruction did not require the State to prove the quantity of cocaine base necessary to meet the trafficking weight. At trial the parties stipulated that the amount of cocaine base involved was 55.8 grams, more than sufficient to meet the requirements of five grams set forth in Okla. Stat. tit. 62 § 2-415(C). As noted by the Oklahoma Court of Criminal Appeals, as a result of the stipulation the weight of the drugs was not an issue.

In order for a jury instruction to provide the basis for a due process violation, the error must have had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense. *See Shafer v. Stratton*, 906 F.2d 506, 508 (10th Cir. 1990). In making this determination, the question is not "whether the [challenged] instruction is undesirable, erroneous, or even universally condemned, but whether the instruction so infected the trial that the resulting conviction violates due process." *Nguyen v. Reynolds*, 131 F.3d 1340, 1357 (10th Cir.1997). Because Defendant stipulated to the amount of cocaine base involved, and because he did not object to the instruction at trial, and because the Oklahoma Court of Criminal Appeals concluded the instruction complied with state law, which is binding on this Court, Petitioner has not met his burden to show that the instructions rendered his trial constitutionally unfair.

4

In Ground Four, Petitioner challenges the sufficiency of the evidence upon which he was convicted. The Oklahoma Court of Criminal Appeals denied the claim on direct appeal utilizing the appropriate Supreme Court standard. Petitioner has not shown in either his original filings or his objection to the Report and Recommendation that the Oklahoma Court of Criminal Appeals' decision was an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979), and accordingly, he is not entitled to relief on Ground Four.

In Ground Five, Petitioner contends he received ineffective assistance of appellate counsel for failing to raise certain issues of ineffective assistance of trial counsel on direct appeal, which claims are raised as Grounds Six through Eight. In Ground Six Petitioner challenges trial counsel's failure to object to alleged prosecutorial misconduct during closing argument. Judge Couch concluded that Ground Five, to the extent it relied on Ground Six, and Ground Six should be denied.

In evaluating Petitioner's ineffective assistance of trial counsel claim as raised in Ground Six of the instant petition the Oklahoma Court of Criminal Appeals applied *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a habeas petitioner to establish two elements, that counsel provided constitutionally deficient performance, which performance was objectively unreasonable, and prejudice as a result of the deficient performance. Because the Oklahoma Court of Criminal Appeals applied the correct legal standard, Petitioner can prevail on Ground Six only if he establishes that the Oklahoma Court of Criminal Appeals' decision was an unreasonable application of *Strickland*.

During closing argument the prosecutor said the following:

> These kinds of people are selling that poison that's getting everybody out here. We had an eight-month-old child get killed in his home. These drive-by shootings, what is that coming from?

Tr. Vol. II at 159. The trial court immediately admonished the prosecutor for making the remarks and instructed the jury to disregard them. *Id.* As a result, and as concluded by Judge Couch in her Report and Recommendation, there was no need for trial counsel to object. As such, counsel was not constitutionally ineffective, and the Oklahoma Court of Criminal Appeals' analysis was not an unreasonable application of *Strickland*.

Petitioner makes objections to the remaining portions of the Report and Recommendation that address, without recommendation, Petitioner's ineffective assistance of trial counsel claims regarding his deferred sentence. The Court finds no basis for reviewing the objection to those portions of the Report and Recommendation at this juncture in light of the fact that Judge Couch has not issued a Report and Recommendation with regard to those claims.

For the reasons set forth herein, the Report and Recommendation is hereby ADOPTED in its ENTIRETY. This matter is hereby re-referred to Judge Couch for additional proceedings.

IT IS SO ORDERED this 21st day of September 2010.

*[signature]*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE