# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID D. HAMPTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-10-362-R |
| ) | |
| JUSTIN JONES, DIRECTOR, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)( B), the matter was referred to United States Magistrate Judge Valerie K. Couch for preliminary review. On May 27, 2011, Judge Couch issued a Supplemental Report and Recommendation, wherein she recommended that the claims not previously denied by the Court on September 21, 2010, be denied on the basis of supplemental briefing submitted by the parties. The matter is currently before the Court on Petitioner's objection to the Supplemental Report and Recommendation.

In Ground Five, Petitioner alleged that he received ineffective assistance of appellate counsel because appellate counsel failed to raise the issue of ineffective assistance of trial counsel on direct appeal. In Ground Seven Petitioner claimed he received ineffective assistance of trial counsel because trial counsel failed to object to the jury instructions on deferred sentencing. In Ground Eight Petitioner contends trial counsel was ineffective in failing to object to the admission of Petitioner's prior deferred sentence into evidence for purposes of sentence enhancement. Respondent previously argued these claims were

unexhausted and procedurally barred, however the Court disagreed with the Respondent's contentions. As a result, Respondent addressed the merits of the ineffective assistance of counsel claims.

Petitioner's ineffective assistance of trial counsel claims stem from the enhancement of his sentence in Case No. CF-2002-872, District Court of Oklahoma County, which was enhanced based on a prior guilty plea to a charge of unlawful possession of cocaine in Case No CF-1996-1503, District Court of Oklahoma County. Petitioner received a deferred sentenced in Case No. CF-1996-1503, which was completed on September 27, 2000. The crimes committed in Case No. CF-2002-872 were committed on February 5, 2004, after he completed the deferred sentence. Evidence of the prior deferred sentenced was introduced during the sentencing phase of Petitioner's trial, and the jury was instructed on enhancement of a sentence based on a completed deferred sentence. Petitioner contends that a completed deferred sentence is not a prior conviction and therefore his conviction in Case No. CF-1996-1503 could not be used to enhance his conviction in Case No. CF-2002-872.

Judge Couch noted that the trial court inappropriately instructed the jury with regard to the treatment of Petitioner's prior deferred, but expired conviction. She concluded, however, that at the time of Petitioner's trial, the treatment of Okla. Stat. Tit. 63 § 2-410 had not been interpreted by the Oklahoma Court of Criminal Appeals. See Report and Recommendation at p. 11-13, citing *Platt v. State*, 188 P.3d 196 (Okla.Crim.App. 2008). Judge Couch concluded that because the legal issue that Petitioner contends counsel was constitutionally ineffective for failing to raise had not been decided by the Oklahoma Court

of Criminal Appeals prior to the time of Petitioner's direct appeal, that neither trial counsel nor appellate counsel was constitutionally ineffective for failing to raise the issue. As noted by Judge Couch, the trial judge made statements to the jury indicating that he believed that a deferred sentence may be treated as prior convictions and used to enhance a sentence. Tr. Vol. III, p. 15-16. In light of the unsettled state of the law at the time of trial counsel's performance, Judge Couch concluded that Petitioner had failed to establish that trial counsel was constitutionally ineffective for failing to challenge the use of his completed deferred sentence to enhance Petitioner's sentence. Furthermore, it follows that because trial counsel was not ineffective in failing to challenge the issue, appellate counsel was not constitutionally ineffective in failing to challenge trial counsel's performance.

The Court has reviewed Petitioner's objection to the Report and Recommendation, and concludes that Judge Couch's thorough and well-reasoned analysis with regard to Petitioner's ineffective assistance of counsel claims, both trial and appellate, was entirely correct. Petitioner has failed to establish that trial counsel's conduct was completely unreasonable in light of the absence of contrary authority from the Oklahoma state courts on the issue and the less-than clear wording of § 2-410. *See Platt,* 188 P.3d at 198-99 (noting that § 2-410 could have been written more precisely). Petitioner has failed to establish that the Oklahoma Court of Criminal Appeals's decision on his ineffective assistance of trial counsel and ineffective assistance of appellate counsel claims was contrary to or an unreasonable application of clearly established federal law, and as such, he is not entitled to habeas corpus relief. The Report and Recommendation is therefore ADOPTED IN ITS ENTIRETY.

3

Additionally, having reviewed the merits of Petitioner's claims in both this order and the Court's prior order of September 21, 2010, the Court concludes that Petitioner is not entitled to a certificate of appealability because he has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Judgment shall be entered in favor of the Respondent on the instant petition.

IT IS SO ORDERED this 18th day of July 2011.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE